**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| TODD ALAN BROWN, | No. 4:22-CV-01153 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| OFFICER WEB, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**AUGUST 23, 2022**

Plaintiff Todd Alan Brown is currently in pretrial detention in the State Correctional Institution, Huntingdon (SCI Huntingdon) in Huntingdon, Pennsylvania.  Prior to being transferred SCI Huntingdon, he was detained for a short time at the State Correctional Institution, Smithfield (SCI Smithfield), also located in Huntingdon, Pennsylvania.  Brown filed the instant *pro se* Section 1983[1] action concerning allegedly deficient medical care he received at SCI Smithfield, asserting constitutional violations against the prison's medical department and various prison officials.  Because Brown fails to state a claim for relief under Section 1983 against any Defendant, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant Brown leave to amend.

---

[1] 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.  STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

[2]  *See* 28 U.S.C. § 1915A(a).

[3]  *Id.* § 1915A(b)(1).

[4]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[5]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Brown proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Brown, is incarcerated.[14]

---

[7]   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[8]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[9]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[12]  *Iqbal*, 556 U.S. at 681.

[13]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[14]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II.    DISCUSSION

Brown alleges that he was transferred to SCI Smithfield on February 3, 2022, and that during February and March 2022 he received deficient medical care at that facility.[15]  He claims that he arrived at SCI Smithfield with a serious injury to his finger for which he had previously undergone medical pin placement, and that during his time at SCI Smithfield "they fail[ed] to treat" him.[16]  Brown alleges that, due to "neglect" by "medical staff not cleaning and dressing [his] finger" as previously ordered by a prior treating physician, he developed an infection.[17]

After being put on antibiotics, Brown alleges that on March 7, 2022, a "nurse" accidentally partially removed one of the medical pins, did not notice that she had done so, and that defendant Officer Fortney had to inform her that it had occurred.[18]  Brown avers that he then directed this nurse call the "head nurse," and when the head nurse arrived, he or she stated, "Oh you['re] the guy that fought with the cops, re[wrap] his finger and tell him to fill out a sick call."[19]  Brown claims that he had to pull the pin the rest of the way out on his own and that he "never" saw an outside doctor about the pin coming free.[20]  Although his complaint is unclear, it appears that Brown maintains that he either underwent a repeat

---

[15]   Doc. 1 at 4.
[16]   *Id.*
[17]   *Id.*
[18]   *Id.*
[19]   *Id.*
[20]   *Id.*

surgery or will have to undergo a future repeat surgery because his finger did not heal correctly due to the pin or pins coming out.[21]

Brown appears to be raising a claim under the Fourteenth Amendment[22] for deliberate indifference to serious medical needs.[23]  Brown names the following defendants: the SCI Smithfield medical department, Officer Web, Officer Fortney, Superintendent Kauffman, and the "Deputy Superintendent" of SCI Smithfield.[24]

Brown, however, fails to allege personal involvement for most of these Defendants.  As to the one Defendant for which Brown does allege personal involvement, he fails to plausibly state a medical deliberate indifference claim.  And because the prison medical department is not a "person" for purposes of Section 1983, Brown cannot maintain a constitutional tort claim against it.  The Court takes each pleading deficiency in turn.

---

[21]  Doc. 1 at 5.

[22]  Because Brown is a pretrial detainee, his claims implicate the Fourteenth Amendment, not the Eighth.  *See Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014).

[23]  Although Brown identifies other constitutional provisions in his complaint, *see* Doc. 1 at 5 (citing Eighth and First Amendments), none of them apply to the allegations at issue, nor are they developed in any way.  The Court further notes that, on the first page of his complaint, Brown checked the section indicating that he was bringing a "Negligence Action under the Federal Tort Claims Act (FTCA) . . . against the United States." Doc. 1 at 1.  First, Brown has sued state officials, not the United States or federal actors.  Second, if Brown is attempting to assert negligence claims only, those claims are grounded in state law and this Court would have no jurisdiction to hear them without a related federal claim.  The Court, therefore, focuses solely on the apparent Fourteenth Amendment claim of deliberate indifference to serious medical needs.

[24]  Doc. 1 at 1-3.

## A.      Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[25]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[26]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[27]

Brown does not include any allegations that would establish personal involvement in the alleged constitutional violations by Web, Kauffman, or the Deputy Superintendent.  These Defendants' names, in fact, appear only in the caption and the defendant-identification section of Brown's complaint.[28]  Because Brown has failed to allege any personal involvement whatsoever for these Defendants, the Court must dismiss the claims against Web, Kauffman, and the Deputy Superintendent.  Leave to amend will be granted in the event that Brown can properly plead personal involvement and a constitutional violation.

---

[25]  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[26]  *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

[27]  *Id.* (quoting *Rode*, 845 F.2d at 1207).

[28]  *See* Doc. 1 at 1-3.

## B.    Alleged Fourteenth Amendment Violation

As previously noted, Brown is a pretrial detainee, so his claims implicate the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's cruel-and-unusual-punishment provision.  However, it does not appear that the United States Court of Appeals for the Third Circuit has established or adhered to a different standard with respect to Fourteenth Amendment pretrial detainee medical indifference claims versus those raised by incarcerated individuals under the Eighth Amendment.[29]  Accordingly, the Court will apply existing Eighth Amendment jurisprudence to Brown's Fourteenth Amendment medical indifference claims.

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[30]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious

---

[29]  This remains so even following the Supreme Court of the United States' decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which established a different standard for pretrial detainee excessive force claims.  *See Moore v. Luffey*, 757 F. App'x 335, 340 & n.2 (3d Cir. 2019) (nonprecedential) (rejecting plaintiff's argument to apply *Kingsley*'s holding to Fourteenth Amendment medical care claim and instead analyzing under Eighth Amendment jurisprudence); *see also Parker v. Butler County*, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); *Goode v. Giorla*, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); *Edwards v. Northampton County*, 663 F. App'x 132, 136-37 (3d Cir. 2016) (nonprecedential) (citing *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).

[30]  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[31]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[32]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[33]  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[34]  Claims sounding in mere medical negligence will not suffice.[35]

The only Defendant for which Brown includes allegations concerning his purportedly deficient medical care at SCI Smithfield is Fortney.  Yet Brown's allegations against Fortney do not come close to plausibly pleading "unnecessary and wanton infliction of pain."  His single contention is that Fortney recognized that a nurse had accidentally removed a pin from Brown's finger and then informed the nurse about it.[36]  Such a claim actually demonstrates the opposite of

---

[31]  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

[32]  *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

[33]  *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

[34]  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

[35]  *Rouse*, 182 F.3d at 197.

[36]  Doc. 1 at 4.

deliberate indifference to serious medical needs.  Consequently, the Section 1983 claim against Fortney must also be dismissed.

### C.   "Person" Under Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[37]  Only "persons" are subject to suit under Section 1983, and entities such as state prisons or their medical departments do not qualify as "persons" for purposes of Section 1983.[38]  Brown's Section 1983 claim against the SCI Smithfield medical department is therefore fatally flawed and must be dismissed.  Dismissal will be with prejudice because Brown cannot cure this fundamental pleading deficiency.

### D.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless

---

[37] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[38] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that Prime Care Medical is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983).

amendment would be inequitable or futile."[39]  Because Brown's allegations are serious and it is conceivable that he could cure his pleading deficiencies, the Court will permit Brown to file an amended complaint—in accordance with this Memorandum—in the event that he can aver facts that would plausibly state personal involvement and a constitutional violation.  The Section 1983 claim against the SCI Smithfield medical department, however, will be dismissed with prejudice, as leave to amend that claim would be futile.

## III.   CONCLUSION

Based on the foregoing, the Court will dismiss Brown's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted.  Brown, if he is able, may file an amended complaint in accordance with this Memorandum.  An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[39]   *Grayson*, 293 F.3d at 114.