## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TODD ALAN BROWN,

             Plaintiff,

    v.

OFFICER WEB, *et al.*,

             Defendants.

No. 4:22-CV-01153

(Chief Judge Brann)

## MEMORANDUM OPINION

### NOVEMBER 29, 2022

Plaintiff Todd Alan Brown is currently in pretrial detention in the State Correctional Institution, Huntingdon (SCI Huntingdon) in Huntingdon, Pennsylvania.  Prior to being transferred SCI Huntingdon, he was detained for a short time at the State Correctional Institution, Smithfield (SCI Smithfield), also located in Huntingdon, Pennsylvania.  Brown filed the instant *pro se* Section 1983[1] action concerning allegedly deficient medical care he received at SCI Smithfield. Following dismissal of his complaint without prejudice, Brown filed an amended complaint, which is presently before the Court for screening as required by 28 U.S.C. § 1915A.

---

[1]  42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.     STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

[2]   *See* 28 U.S.C. § 1915A(a).  Section 1915A screening of amended complaints is likewise required.  *See Fields v. Venable*, 674 F. App'x 225, 228 (3d Cir. 2016) (nonprecedential) (noting that district court "fulfill[ed] its duty to screen" *pro se* prisoner's amended complaint).

[3]   *Id.* § 1915A(b)(1).

[4]   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[5]   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6]   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Brown proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Brown, is incarcerated.[14]

---

[7]   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[8]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[9]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[12]  *Iqbal*, 556 U.S. at 681.

[13]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[14]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II.   DISCUSSION

In his original complaint, Brown alleged that he was transferred to SCI Smithfield on February 3, 2022, and that during February and March 2022 he received deficient medical care at that facility.[15]  He claims that he arrived at SCI Smithfield with a serious injury to his finger for which he had previously undergone medical pin placement, and that during his time at SCI Smithfield "they fail[ed] to treat" him.[16]

Brown appears to be raising a claim in his amended complaint under the Fourteenth Amendment[17] for deliberate indifference to serious medical needs. However, it does not appear that the United States Court of Appeals for the Third Circuit has established or adhered to a different standard with respect to Fourteenth Amendment pretrial detainee medical indifference claims versus those raised by incarcerated individuals under the Eighth Amendment.[18]  Accordingly, the Court

---

[15]   Doc. 1 at 4.

[16]   *Id.*

[17]   Because Brown is a pretrial detainee, his claims implicate the Fourteenth Amendment, not the Eighth.  *See Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014).

[18]   This remains so even following the Supreme Court of the United States' decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which established a different standard for pretrial detainee excessive force claims.  *See Moore v. Luffey*, 757 F. App'x 335, 340 & n.2 (3d Cir. 2019) (nonprecedential) (rejecting plaintiff's argument to apply *Kingsley*'s holding to Fourteenth Amendment medical care claim and instead analyzing under Eighth Amendment jurisprudence); *see also Parker v. Butler County*, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); *Goode v. Giorla*, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); *Edwards v. Northampton County*, 663 F. App'x 132, 136-37 (3d Cir. 2016) (nonprecedential) (citing *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).

will apply existing Eighth Amendment jurisprudence to Brown's Fourteenth Amendment medical indifference claims.

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[19]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[20]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[21]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[22]  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[23]  Claims sounding in mere medical negligence will not suffice.[24]

---

[19]  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[20]  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[21]  *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[22]  *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[23]  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[24]  *Rouse*, 182 F.3d at 197.

Brown's amended complaint is disjointed and difficult to follow. He appears to assert that an unidentified nurse and "head nurse" at SCI Smithfield failed to provide adequate medical care for his finger. He admits that he was given some treatment by the nursing staff, but claims that they were "confused" or did not know what they were doing.[25] He then alleges that his finger became infected because the nursing staff refused to clean his finger or change the dressing daily as ordered by a prior treating doctor or physician's assistant.[26] He additionally alleges that he was refused medical treatment after his finger became noticeably infected.[27] He maintains that he was suffering "chronic" and "intense" pain but was essentially ignored by the nurse and head nurse.[28]

Brown's allegations, taken as true, are sufficient to state a Section 1983 claim of deliberate indifference to serious medical needs. Although Brown has not identified the subject nurse or head nurse by name, a "Jane Doe" designation[29] may be utilized until these defendants can be properly identified. The other defendants named in the original complaint—Officer Web, Officer Fortney, the Deputy Superintendent of SCI Smithfield, and the Superintendent of SCI Smithfield—will

---

[25] Doc. 13 at 5.

[26] *Id.* at 6, 7-8. In his original complaint, Brown states that a "PA" prescribed pain medication and ordered that his finger be "buddy taped" and that his dressing be changed daily. *See* Doc. 1 at 4. In his amended complaint, Brown claims that it was a "prison doctor" who ordered the daily follow-up care. *See* Doc. 13 at 3.

[27] Doc. 13 at 5.

[28] *Id.* at 8, 10.

[29] Brown alleges that the nurse involved was female but does not specify the gender of the head nurse. *See id.* at 2-3.

be dismissed with prejudice because Brown again fails to include any allegations in his amended complaint against these Defendants that would implicate a constitutional violation.[30]  In fact, of these four prison officials, Brown only mentions Officer Fortney, but the scant allegations concerning Fortney do not come close to stating a claim for medical deliberate indifference.[31]

## III.   CONCLUSION

Based on the foregoing, the Court will permit Brown's Fourteenth Amendment claim for deliberate indifference to serious medical needs to proceed against the unidentified "nurse" and "head nurse" at SCI Smithfield.  An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[30]   *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that leave to amend may be denied when a plaintiff has repeatedly failed to cure deficiencies through previous amendments allowed).

[31]   *See* Doc. 13 at 2, 8 (identifying Fortney as a witness); *id.* at 3 (alleging that Fortney showed "neglect").