IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ALAN BROWN, | No. 4:22-CV-01153 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| OFFICER WEB, *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

### JANUARY 10, 2024

Plaintiff Todd Alan Brown is currently in custody in the State Correctional Institution, Huntingdon (SCI Huntingdon) in Huntingdon, Pennsylvania. Prior to being transferred SCI Huntingdon, he was detained for a short time at the State Correctional Institution, Smithfield (SCI Smithfield), also located in Huntingdon, Pennsylvania. Brown filed the instant *pro se* Section 1983[1] action concerning allegedly deficient medical care he received at SCI Smithfield.

In his original complaint, Brown alleged that he was transferred to SCI Smithfield on February 3, 2022, and that during February and March 2022 he received deficient medical care at that facility.[2] He claimed that he had arrived at

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] Doc. 1 at 4.

SCI Smithfield with a serious injury to his finger for which he had previously undergone medical pin placement, and that during his time at SCI Smithfield "they fail[ed] to treat" him.[3]

The Court screened Brown's initial complaint as required by 28 U.S.C. § 1915A.[4] The Court dismissed Brown's complaint for failure to state a claim for relief but granted leave to amend with respect to his Section 1983 claims against the individual defendants.[5]

Brown then filed an amended complaint.[6] In his amended complaint, he appeared to be raising a claim under the Fourteenth Amendment[7] for deliberate indifference to serious medical needs. It is possible that his amended complaint additionally asserted state-law claims of medical malpractice and intentional infliction of emotional distress,[8] although such claims were largely undeveloped. Brown also included two new unidentified defendants: a "head nurse" and a "nurse."[9]

The Court screen the amended complaint pursuant to Section 1915A and determined that the only defendants against which Brown had plausibly alleged

---

[3] *Id.*
[4] *See generally* Docs. 8, 9.
[5] *See* Doc. 9 at 2 ¶¶ 6-9.
[6] Doc. 13.
[7] Because Brown was a pretrial detainee during his time at SCI Smithfield, his claims implicate the Fourteenth Amendment, not the Eighth. *See Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014).
[8] *See* Doc. 13 at 7-8.
[9] *See id.* at 5, 6, 7, 8.

2

medical indifference were the unidentified head nurse and nurse.[10]  The Court thus permitted Brown to pursue his claims against these defendants using temporary "Jane Doe" identities and dismissed the other defendants.[11]

The Court then began a lengthy and exhaustive process to help Brown identify the Jane Doe defendants.  The details need not be rehashed here, but suffice it to say that, following extensive assistance by the Court and commendable cooperation by the Pennsylvania Department of Corrections,[12] Brown finally identified the "head nurse" as Kati Cruz and the "nurse" as Theresa Balum.[13]

Waivers of service of summons and copies of the amended complaint were mailed to Cruz and Balum, who timely waived service of process.[14]  Both Cruz and Balum then moved to dismiss the amended complaint.[15]  Among other deficiencies asserted, Cruz and Balum both voiced concerns regarding the incoherency of Brown's *pro se* amended complaint and their resultant difficulty in responding to that pleading.[16]  As Balum aptly described the situation, "Brown's amended complaint improperly asserts multiple claims against multiple defendants without

---

[10]  *See* Doc. 16 at 5-7.
[11]  *See id.* at 6-7.
[12]  *See* Docs. 18-25.
[13]  *See* Docs. 26, 27.
[14]  *See* Docs. 28, 31, 39, 41.
[15]  *See generally* Docs. 42, 50.
[16]  *See* Doc. 43 at 4; Doc. 51 at 14-15.

specifying which of the defendants are responsible for which of acts or omissions, and/or which of the defendants the claim(s) are brought against."[17]

The Court has once more reviewed Brown's amended complaint and is constrained to agree with Defendants. It is difficult to determine which allegations are leveled at which medical defendant. Moreover, Brown repeatedly jumps between different claims and allegations such that it is nearly impossible to follow his "stream-of-consciousness narrative," as Balum describes it.[18]

Accordingly, the Court will treat Defendants' motions to dismiss as motions for a more definite statement under Federal Rule of Civil Procedure 12(e). Brown will be required to file a second amended complaint that more clearly sets forth his claims against Cruz and Balum such that Defendants can properly respond to Brown's allegations.

Brown is admonished that he must comply with the following guidelines when submitting his second amended complaint. The second amended complaint should be a stand-alone document, complete in itself and without reference to any previous pleadings. It should set forth Brown's claims against Cruz and Balum in short, concise, and plain statements, and in *sequentially numbered paragraphs*.[19] Brown must leave one-inch margins on all four sides of his pleading,[20] and should

---

[17] Doc. 51 at 15.
[18] *Id.* at 14.
[19] *See* FED. R. CIV. P. 10(b).
[20] *See* LOCAL RULE OF COURT 5.1

not include legal argument or case citations.  Brown may not include claims against defendants who have been dismissed with prejudice from this action; rather, his claims must be limited to those he is asserting against defendants Cruz and Balum.

In particular, Brown must specify the alleged offending actions or omissions by Cruz and Balum.  In other words, now that Brown has determined Defendants' identities, he must specify what conduct by Defendants he believes violated his constitutional rights.  Brown must also sign the second amended complaint and indicate the nature of the relief sought.  Failure to adhere to this guidance may result in the Court striking the second amended complaint.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' motions (Docs. 42, 50) to dismiss will be construed as motions for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) and those motions are **GRANTED**.

2. Brown shall file a second amended complaint within **14 days** of the date of this Order.  *See* FED. R. CIV. P. 12(e).  In that second amended pleading, Brown must provide sufficient factual detail and clarity with respect to his claims against defendants Cruz and Balum such that Defendants can properly respond to said pleading.  *See id.*

3. If no second amended complaint is timely filed, the Court "may strike the [amended] pleading or issue any other appropriate order."  FED. R. CIV. P. 12(e).

4. Defendants, if desired, may renew their motions to dismiss following the filing of Brown's second amended complaint.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge